IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JONATHAN G. FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-342-JPG-DGW |
| | ) | |
| WEXFORD HEALTH SOURCES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the "Motion to Continue Sayed Motions" (Doc. 34) and the Motion for Subpoena (Doc. 36) filed by Plaintiff, Jonathan G. Ford, on August 31, 2015.   On November 12, 2015, this Court denied the motions on the grounds that "discovery in this matter is stayed pending resolution of Defendants' Motion for Summary Judgment on the issue of exhaustion of administrative remedies" (Doc. 42).   That Order was entered in error and is hereby **VACATED** pursuant to Federal Rule of Civil Procedure 60(a).   The Motions are nonetheless **DENIED** for the reasons set forth below:

Plaintiff requests subpoenas in order to acquire grievances that he submitted related to the claims in this case.   The Clerk must issue subpoenas on request of a party. FED.R.CIV.P. 45(a)(3).   However, the Court has an obligation to protect persons subject to a subpoena and may preview subpoenas in order to ensure that the Court's subpoena power is not being abused.   FED.R.CIV.P. 26(b)(2)(C), 45(d)(1); *Marozsan v. United States,* 90 F.3d 1284, 1290 (7th Cir. 1996).   While Plaintiff does not specify in his motion to whom he would direct his subpoena, he can only seek copies of his grievances from the prison where he was housed or the Administrative Review Board.   Such a subpoena, however, would be duplicative because the information/documents

sought have been produced in this case.

In this Court's Scheduling Order (Doc. 23), Defendant was directed, by August 12, 2015, to provide "grievances, along with any responses or other related materials, such as grievance logs and counselor notes" to Plaintiff along with other relevant documentation.   In order to comply with that Order, Defendants, themselves, subpoenaed the documents from both Sheridan Correctional Center (where Plaintiff currently resides) and the Administrative Review Board. Sheridan CC indicated that there were no grievance records as of June 22, 2015 (Doc. 31-1, p. 8) but did provide Plaintiff's Cumulative Counseling Records which would show some information regarding grievances.   The Administrative Review Board provided 14 pages of documentation including various grievances related to the issues in this case (Doc. 31-2, pp. 1-15).   These documents were all attached to Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. 31).

In light of the production of the very documents that Plaintiff would seek via a subpoena, the issuance of such a subpoena would be unnecessarily duplicative of Defendants' actions. Issuing the subpoena may also open the Plaintiff up to sanctions for imposing an undue burden on a third party which would be required to search for and produce documents that already have been filed in this litigation.   It is highly unlikely that any such subpoena would garner additional documents related to the grievances that Plaintiff submitted in this matter.   Therefore, pursuant to Rule 26(b)(2)(C), no subpoenas, related to grievances, shall be issued by the Clerk of Court.

**IT IS SO ORDERED.**

**DATED: January 27, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**