UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JONATHAN G. FORD,

    Plaintiff,

  v.

WEXFORD HEALTH SOURCES, INC. and
DR. DAVID,

    Defendants.

Case No. 15-cv-342-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 50) of Magistrate Judge Donald G. Wilkerson. Following a hearing, Magistrate Judge Wilkerson recommends that the Court grant the motion for summary judgment filed by defendants Wexford Health Sources, Inc. and Dr. David on the grounds that plaintiff Jonathan G. Ford failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Ford objects to the Report (Doc. 51).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This case stems from two injuries Ford suffered while housed at the Hardin County Work Camp, a satellite of the Shawnee Correctional Center ("Shawnee"). Magistrate Judge Wilkerson has accurately set forth the law on exhaustion of administrative remedies and on the Illinois

Administrative Code's administrative remedies procedures, so the Court need not repeat them at this time. He has also decided that, for exhaustion purposes, the Hardin County Work Camp and Shawnee are the same institution. No party objects to these findings, and the Court adopts them as not clearly erroneous or contrary to law.

Nose Injury

The first injury occurred in the summer of 2012 prior to August 2, 2012, when Ford's nose was broken. He was not happy with the treatment he received from Dr. David, a Wexford employee working at Shawnee. Without attempting to work out the matter informally with his counselor, Ford filed a grievance with the grievance officer dated September 21, 2012. The grievance was returned to Ford without a grievance officer's or warden's response. Ford testified that he then filed an emergency grievance with Shawnee's warden, and when he received no response within six months, sent his September 21, 2012, grievance to the Administrative Review Board ("ARB"). The ARB received the September 21, 2012, grievance on March 25, 2014, and rejected it because it did not contain a grievance officer's or warden's response.

Magistrate Judge Wilkerson concluded that Ford had not exhausted his administrative remedies with his September 21, 2012, grievance because he did not attempt to resolve the matter informally with his counselor before filing a grievance as required by 20 Ill. Admin. Code 504.810(a) and because he did not timely appeal his returned grievance to the ARB as required by 20 Ill. Admin. Code 504.850(a). He further found Ford's testimony that he filed an emergency grievance incredible, and that, even if he had filed an emergency grievance, it would have been beyond the 60-day time limit for filing grievances.

In his objection, Ford cites *Perez v. Wisconsin*, 182 F.3d 532 (7th Cir. 1999), in support of

his argument that he did not have available remedies for past, healed injuries like his broken nose. His theory, noted but not decided by *Perez*, is that the only remedy for such injuries is money damages, and money damages are not available from administrative remedy procedure, so a remedy is unavailable.  *Id.* at 538.  Ford believes since his nose has already healed incorrectly, he has no available administrative remedy and therefore need not complete the process required by the Illinois Administrative Code.

This theory noted in *Perez* was squarely rejected in *Booth v. Churner*, 532 U.S. 731, 741 (2001), which held that exhaustion of administrative remedy procedures is required if there is any possible relief available, even if it is not the type of relief requested by the inmate.  This was reinforced in *Porter v. Nussle*, 534 U.S. 516, 532 (2002), in which the Supreme Court explicitly held the exhaustion requirement applies even to complaints about completed episodes of wrongful conduct.  Ford had administrative remedies available to him, and, as Magistrate Judge Wilkerson noted, he failed to exhaust them in the manner provided by the Illinois Administrative Code.

The Court has reviewed the remaining rationale for recommending dismissal of Ford's claims with respect to treatment of his nose injury and finds it is not clearly erroneous or contrary to law.  For these reasons, the Court will adopt Magistrate Judge Wilkerson's recommendation to dismiss without prejudice Counts 1 and 2 for deliberate indifference to Ford's medical need for treatment of his broken nose.

Clavicle Injury

Ford's second injury occurred in August 2013 when he injured his left clavicle.  Again, he was not happy with the treatment he received from Dr. David.  He submitted two grievances regarding this treatment.

His first was a grievance to his counselor dated August 29, 2013. On September 20, 2013, his counselor responded that he would receive a repeat x-ray and follow-up treatment. Ford took no further action on this grievance. Magistrate Judge Wilkerson found that Ford did not exhaust his administrative remedies with respect to this grievance because he did not appeal the matter to the grievance officer, the warden or the ARB.

His second grievance was an emergency grievance dated January 7, 2014. He sent this grievance directly to the ARB, which received the grievance on January 10, 2014. The ARB rejected it because it did not contain a grievance officer's or warden's response. Magistrate Judge Wilkerson found that Ford did not exhaust his administrative remedies with respect to this grievance because he did not attempt to resolve the matter informally with his counselor before beginning the formal grievance process and did not file the grievance with the grievance officer as required by 20 Ill. Admin. Code 504.810(a).

In his objection, Ford argues that he thought his August 29, 2013, grievance had worked because he was sent to see a surgeon in October 2013. It was only after Dr. David did not follow through on the surgeon's recommendation for a follow-up visit in six to eight weeks that Ford again became dissatisfied with his treatment. Rather than starting the grievance process anew, he states picked up where he left off in the grievance process and sent his January 7, 2014, grievance directly to the ARB. He reasoned that since his complaints were essentially the same as those in the August 29, 2013, grievance, there was no reason to start the process over again. He suggests that these two grievances combined amount to exhaustion of his administrative remedies.

The Illinois Administrative Code does not provide for combining grievances and sets forth procedures and time limits for each individual grievance. Ford does not really contest that he did

not pursue his August 29, 2013, grievance to the final step by filing a formal grievance with the grievance officer, waiting for the warden's decision, and then appealing that decision to the ARB. Therefore, he did not exhaust his remedies as to that grievance.

By January 7, 2014, Ford was aware he was not receiving the recommended follow-up and was free to try to resolve the issue with his counselor and then file a new grievance – emergency or not – based on that alleged deficiency in his treatment.   However, he failed to contact his counselor as required by 20 Ill. Admin. Code 504.810(a), failed to file a normal grievance with the grievance officer pursuant to 20 Ill. Admin. Code 504.810(a), and failed to send an emergency grievance straight to the warden pursuant to 20 Ill. Admin. Code 504.840.[1]   Instead, he sent his emergency grievance straight to the ARB, which is only allowed if he is complaining about events at an institution in which he is not housed, which was not the case.   Ford did not follow the proper exhaustion procedure and therefore failed to exhaust his administrative remedies with his January 7, 2014, grievance.

Ford also raises an argument with respect to his incorrectly healed clavicle injury based on *Perez* that the Court has already explained and rejected.

For these reasons, the Court will adopt Magistrate Judge Wilkerson's recommendation to dismiss without prejudice Count 3 for deliberate indifference to Ford's medical need for treatment of his clavicle.

Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 50);
- **OVERRULES** Ford's objections (Doc. 51);

---

[1] Magistrate Judge Wilkerson faulted Ford for not filing his grievance with the grievance officer. Actually, since it was an emergency grievance, he should have forwarded it directly to the warden.

- **GRANTS** the defendants' motion for summary judgment (Doc. 30);

- **DISMISSES** Counts 1, 2 and 3 **without prejudice** for failure to exhaust administrative remedies; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   March 1, 2016**

             s/ J. Phil Gilbert
             **J. PHIL GILBERT**
             **DISTRICT JUDGE**